## ROYAL PRODUCTS, Inc., v. JOHNSON.

### No. 16867.

Court of Appeal of Louisiana. Orleans.

Oct. 16, 1939.

Rehearing Denied Nov. 13, 1939.

Cyril F. Dumaine, of New Orleans, for appellant.

Lemle, Moreno & Lemle, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Royal Products, Inc., is engaged in the manufacture and sale of soft drinks and conducts its business from its factory and office located in the City of New Orleans. During the month of October 1934, it entered into a verbal contract with the defendant, S. H. Johnson, whereby the latter was appointed as a distributor of its products in the upper river parishes of the State in the vicinity of New Orleans. There was no stipulation concerning the length of time during which the agreement was to continue in force and, as a consequence, the contract was terminable at the will of either party. It was contemplated by the parties that the defendant Johnson would purchase the products of the plaintiff for resale to various merchants doing business within the territory agreed upon and that, in order to facilitate defendant's operations, plaintiff would advance to him certain monies to enable him to purchase for himself certain trucks and trailers which were to be used by him in the delivery of plaintiff's merchandise. The loans or advances thus made were to be repaid to the plaintiff by the defendant as soon as the latter was financially able to do so and, in order to assure a timely liquidation of the indebtedness, the plaintiff was authorized to add

two cents to the purchase price of each case of goods told to the defendant by it.

In accordance with the foregoing arrangement, plaintiff advanced monies from time to time for and on behalf of the defendant in the purchase of his trucks, trailers and other equipment amounting in total to the sum of $1,425.29. In the month of December 1935, the relationship between the parties was terminated. Thereafter, the plaintiff brought this suit seeking to recover from the defendant the sum of $1,646.-16 representing the balance due by him on various advances made for his account and for merchandise purchased from it by him for which he had failed to pay.

In due course, the defendant appeared and for answer to plaintiff's petition denied generally any indebtedness whatsoever. He also filed a reconventional demand in which he claimed that plaintiff had devised a scheme to oust him as a distributor of its products and to capture the customers which he had secured through his labor. He alleged that the value of the good will of the route he had established amounted to the sum of $5,000 and declared that he had been damaged to that extent as a result of plaintiff's wrongful and unlawful acts.

The case proceeded to trial on these issues and the district judge, after hearing the evidence, granted judgment in plaintiff's favor for the sum of $1,143.14 and dismissed the defendant's reconventional demand. The defendant has appealed from the adverse decision and plaintiff has answered the appeal praying for an amendment of the judgment so as to increase the award to the amount sued for.

An examination of the transcript has been sufficient to disclose that the plaintiff has advanced monies for and on behalf of the defendant in the amount of $1,425.29. These advances have been fully proved by cancelled checks of the plaintiff payable to third persons for the defendant's account and no real defense has been offered by the defendant with respect to these items. Against this indebtedness, the defendant is entitled to a credit of $282.15 which plaintiff admits he has paid on account. Thus, the balance due by the defendant is $1,143.14 for which plaintiff has been awarded judgment in the court below.

Plaintiff maintains, however, that the trial judge was in error in refusing to grant to it a judgment for the full amount sued for and claims that it has established by a preponderance of evidence that the defendant is also indebted to it for merchandise sold and delivered and for cash advanced to him by it. The proof adduced in support of this additional claim consists of debits made against the defendant's account on the books of the plaintiff corporation. When the books were offered by plaintiff, the defendant objected on the ground that, since the bookkeeper, who had made the entries, had not been produced to verify the account, their admission would be violative of Article 2248 of the Civil Code providing that the books of a merchant cannot be given in evidence in his favor. At the time the offer was made, plaintiff proved that the bookkeeper who had made the entries had become insane and was unable to testify in the case. The trial judge overruled the defendant's objection and received the books in evidence.

Defendant complains here that the trial judge was in error in admitting the books. We do not think so. The stringent provisions of Article 2248 of the Civil Code have been relaxed in numerous cases and particularly in matters where the party who made the book entries was either dead or incapable of giving testimony. See Hunter v. Smith, 6 Mart.,N.S., 351.

Hence, the pertinent question for consideration relates to the weight to be given to the book entries. The trial judge was evidently of the opinion that the entries, uncorroborated by other evidence, were not sufficient to preponderate over the defendant's denial of indebtedness. We are unable to say that his resolution on this question of fact was manifestly wrong. In fact, it occurs to us that the plaintiff, because of its inability to produce the bookkeeper, might have offered other proof in support of the genuineness of the account. The merchandise, the price for which recovery is sought, was delivered to the defendant by someone in plaintiff's employ. The record is silent as to why the delivery clerk was not tendered as a witness. As the matter now stands, plaintiff's claim for cash advanced and merchandise sold and delivered is too conjectural to permit a recovery.

Since we are of the opinion that the judgment below is correct on the main demand, we finally direct our attention to the defendant's reconventional demand. It is charged by the defendant that the plaintiff concocted a scheme to oust him as its

distributor in the territory which he had established. The proof presented by him in support of his claim is most unsatisfactory. There seems to be considerable doubt as to whether the defendant severed his connection with the plaintiff voluntarily or whether the plaintiff discontinued his services. In either case, he would not be entitled to recover as the agreement between the parties was not for a stated term but either party had the right to withdraw from the engagement at any time. Furthermore, the defendant has failed to show any design on the part of plaintiff to injure him in any way. We therefore conclude that the district judge was correct in dismissing the defendant's reconventional demand.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.